UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BERTHA SIRACO,            )<br>                           )<br>   Plaintiff,              )<br>                           )<br>   v.                      )<br>                           )<br>MICHAEL J. ASTRUE,         )<br>Commissioner of Social Security, )<br>                           )<br>   Defendant.              )<br>_____) | Civil No. 2:09-CV-00384 |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S COUNSEL'S MOTION FOR AN AWARD OF § 406(b) FEES

The Defendant, the Commissioner of Social Security (Commissioner), responds to Plaintiff's Counsel's Motion for an Award of Attorney's Fees Pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) (Document 20). For the reasons articulated below, the Commissioner requests that this Court conclude that Plaintiff's Counsel's request for $5,366.62 in § 406(b) attorney's fees is unreasonable and should be reduced to no more than $4,387.00.

**I.      Introduction**

Fees for representing Social Security claimants, both administratively and before federal courts, are governed by 42 U.S.C. § 406. See Gisbrecht v. Barnhart, 535 U.S. 789, 794, 795-796 (2002). Attorney's fees for representation in administrative proceedings are governed by 42 U.S.C. § 406(a) (406(a)), while 42 U.S.C. § 406(b) (406(b)) governs attorney's fees for representation in federal court. See id. Unlike fees obtained under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the fees awarded pursuant to 406(a) and 406(b) are charged against the claimant and not the government. See id. at 796. Under 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the

administrative level. See 42 U.S.C. § 406(a); Gisbrecht, 535 U.S. at 794. There are limits, however, on the amount that an attorney can be awarded pursuant to that section. See Gisbrecht, 535 U.S. at 795.

In addition to fees awarded under 406(a), 406(b) allows an attorney who has successfully represented a claimant in federal court to receive "a reasonable fee," not to exceed 25 percent of the claimant's total past-due benefits. See 42 U.S.C. § 406(b)(1)(A); Gisbrecht, 535 U.S. at 795. The combination of the fees awarded under 406(a) and 406(b), however, can never exceed twenty-five percent of those past-due benefits. See Kopulos v. Barnhart, 318 F.Supp.2d 657, 661 (N.D.Ill. 2004). Moreover, if attorney's fees are awarded under both EAJA and 406(b), the attorney must refund the amount of the smaller fee to the claimant, see Gisbrecht, 535 U.S. at 796 (fees may be awarded under both EAJA and 406(b), but claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.") (quoting Pub.L. 99-80, § 3, 99 Stat. 186.); Lopes v. Secretary of Health & Human Servs., No. 92-1734, 1993 WL 83392, at *1 (1st Cir. Mar. 22, 1993) (when claimant's attorney receives fees for same work under 406(b) and EAJA, claimant's attorney shall refund amount of smaller fee to claimant), and a federal court is required to ensure that any fees awarded under 406(b) are reasonable, see Gisbrecht, 535 U.S. at 808.

## II. Argument

Here, as noted by Plaintiff's Counsel, Plaintiff was found to be disabled following this Court's most recent remand of Plaintiff's case to the Commissioner for further administrative proceedings. Consequently, Plaintiff's Counsel asserts that Plaintiff was awarded a total of $45,466.50 in past due benefits, twenty-five percent of which would be $11,366.62. In addition, Plaintiff's Counsel was awarded $6,000 in attorney's fees pursuant to § 406(a) from that "twenty-

five percent" portion. And, Plaintiff's Counsel concedes that he was already awarded $2,735.80 in EAJA fees by this Court. Thus, Plaintiff's Counsel now seeks $5,366.62 in attorney's fees under 406(b) and admits that if this fee is awarded he is required to return the previously awarded EAJA fees to Plaintiff.

In response to Plaintiff's Counsel's fee request, the Commissioner notes that in Gisbrecht the United States Supreme Court held that although contingent-fee agreements are the primary means by which fees are set for successfully representing Social Security benefits claimant's in court; 406(b) still requires courts to review such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Gisbrecht, 535 U.S. at 807. Determining a "reasonable" fee, however, is no easy task to plot. This Court, however, has concluded that a multiplier of less than 3 times an attorney's hourly rate is adequate compensation for 406(b) fees without raising windfall concerns. See Quint v. Astrue, Civil No. 05-135-B-W, 2008 WL 4905482, at *3 (D.Me. Nov. 12, 2008) (fee award more than 2.5, but less than 3, times hourly rate was reasonable); Ogle v. Barnhart, No. 99-314, 2003 WL 22956419, at *6 (D.Me. Dec. 12, 2003) ("[A]s a rule of thumb, a multiplier of two times a practitioner's usual and customary hourly rate provides adequate recompense for the taking of contingent-fee risk without raising windfall concerns.").[1]

Plaintiff's Counsel seems to indicate that his hourly rate is $350.00 (Document 20, at 5). However, this Courts has made clear that the hourly rate to be used in the above-mentioned formula

---

[1] Other jurisdictions have reached similar conclusions. See Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-1173 (C.D.Cal. 2006) (2.5 times counsel's normal hourly fee was reasonable 406(b) fee); Van Nostrand v. Barnhart, No. SA-03-CA-0775-RF, 2005 WL 1168428, at *3 (W.D.Tex., May 12, 2005) (reducing 406(b) fees to 2.5 times counsel's normal hourly rate); Hayes v. Secretary of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1990) (multiplier of 2 times hourly rate is appropriate "as a floor" in 406(b) petitions).

is the hourly rate that was the basis of any EAJA award that a plaintiff's counsel has already received. See Quint, 2008 WL 4905482, at *3 ("The grant of the Motion would provide the plaintiff's counsel with more than 2 ½ times the invoiced fee of $170 per hour but less than three times that amount.") (emphasis added); Ogle, 2003 WL 22956419, at *6 ("[Counsel] invoiced the plaintiff at a rate of $155.00 per hour for his work on this case. Two-and-half times this hourly rate results in a rate of $387.50 per hour, which in my view affords reasonable, appropriate compensation for the contingent-fee risk assumed, and the successful result obtained, in this forum in this case. This yields a total section 406(b) fee of $4,572.50, which I recommend that the court award."). This Court should apply the same rationale in this case.

Here, Plaintiff's Counsel received fees under EAJA for 4.7 hours of attorney work at a rate of $175.75/hour ($826.00) and 25.45 hour of paralegal work at a rate of $75.00/hour ($1,909.00). When the $5,366.62 in requested § 406(b) fees is divided by the 30.15 total hours expended by Plaintiff's Counsel's office, an amount of $177.99/hour results. At first blush, this appears reasonable as it almost mirrors the hourly rate he received for attorney work under EAJA.

Despite the apparent reasonableness of Plaintiff's Counsel's request, the Commissioner has significant concerns. Specifically, of the 30.15 hours performed before this Court, only 4.7 hours were performed by an attorney. Thus, Plaintiff's Counsel is actually seeking 406(b) fees for actual attorney work at a rate of $1141.83/hour ($5,366.62 divided by 4.7 hours). This is unreasonable.

The Commissioner, however, is not ignorant to the fact that Plaintiff's Counsel's staff expended 25.45 hours of paralegal work in this case. Unfortunately, the Commissioner is unable to find any precedential guidance from this Court—or the First Circuit—regarding how paralegal work should be compensated under § 406(b), if at all. Further convoluting this query is the fact that the

courts that have addressed this issue are in disagreement regarding whether or not time expended by a paralegal is separately considered or whether it is expected to be included in overhead. See e.g., Roark v. Barnhart, 221 F.Supp.2d 1020 1026 (W.D.Mo.2002) (declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award); Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-66 (N.D.Ga.2005) (concluding that not including paralegal fees would amount to a windfall to Plaintiff, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits). At bottom, the Commissioner is unable to agree that the award Plaintiff's counsel seeks is reasonable as he is unsure whether or not this Court is of the belief that paralegal time is compensable under § 406(b)—and if it is, at what rate.

If this Court deems that paralegal work is compensable under § 406(b), the Commissioner nevertheless objects to the total § 406(b) fee that Plaintiff's Counsel seeks. The Commissioner's research has revealed that in a recent case the Federal District Court for the Central District of California formulated a persuasive, and somewhat simple, method for handling the present problem. In Smith v. Astrue, No 06-883, 2009 WL 649192, at *3 (C.D. Cal. Mar. 9, 2009), the court reasoned that paralegal work should be compensated under § 406(b), but not enhanced. So, here, Plaintiff's counsel was paid $1,909.00 under EAJA for work by his paralegal. When this is subtracted from the $5,366.62 in requested § 406(b) fees, a balance of $3457.62 remains. Thus, this Court should ask if it is reasonable to compensate the Plaintiff's counsel with $3457.62 for 4.7 hours of attorney work ($745.66/hour). This appears unreasonable as it amounts to more than three times the EAJA rate of $175.75/hour. An appropriate maximum rate is $527.25/hour, and would result in a fee of $2478.00 for the 4.7 hours Plaintiff's Counsel expended. When this is combined with the $1909.00

to compensate for the paralegal work, a reasonable total fee under §406(b) of $4,387.00 is yielded.

In sum, if this Court deems that paralegal work is not compensable under § 406(b), the Commissioner contends that a reasonable fee for attorney work in this case is $2478.00 (4.7 hours multiplied by $527.25/hour). If this Court deems that paralegal work is compensable under § 406(b), a reasonable fee will be dependant on the rate that this Court sets as appropriate to compensate such work under § 406(b). As argued above, the Commissioner believes that paralegal work is compensable under § 406(b), but should not be enhanced. Accordingly, a reasonable § 406(b) fee in this case is $4,387.00.

For these reasons, the Commissioner submits that Plaintiff's Counsel's request for $5,366.62 in § 406(b) attorney's fees is unreasonable and should be reduced to no more than $4,387.00, which represents an hourly rate of $75.00 for paralegal work and $527.25 for attorney work (three times the EAJA rate of $175.75).

### III.   Conclusion

Plaintiff's Counsel's request for $5,366.62 in § 406(b) attorney's fees is unreasonable and should be reduced to no more than $4,387.00 for the work he performed before this Court.

Respectfully Submitted,

THOMAS E. DELAHANTY II
United States Attorney

/s/ Jason W. Valencia
Special Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
Room 625 JFK Federal Building
Boston, MA 02203

Dated: April 13, 2011                     jason.valencia@ssa.gov

<u>Certificate of Service</u>

  I hereby certify that on April 13, 2011, I electronically filed this Defendant's Response to Plaintiff's Motion for an Award of § 406(b) Fees using the CM/ECF system, which will notify the following:

Francis M. Jackson
Jackson & MacNichol
238 Western Ave.
So. Portland, ME 04106

                /s/ Jason W. Valencia
                Special Assistant U.S. Attorney
                Social Security Administration
                Office of the General Counsel
                Room 625 JFK Federal Building
                Boston, MA 02203
                jason.valencia@ssa.gov

Dated: April 13, 2011