UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BERTHA SIRACO,                )
                              )
        Plaintiff             )
                              )
v.                            )   No. 2:09-cv-384-DBH
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
        Defendant             )


## RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,366.62 after securing an award of past-due benefits before the commissioner following this court's remand of this Social Security disability case. She and the commissioner disagree on only one question: whether she may recover up to three times the charged rate for work done by a paralegal. For the reasons that follow, I answer in the negative and recommend an award of attorney fees in the amount of $4,387.00.

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein*

*v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

2

results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to mark. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. I, therefore, concern myself solely with whether the requested fee confers a windfall.

For purposes of addressing windfall concerns, this court has followed the precept that, "as a rule of thumb, a multiplier of two times a practitioners' usual and customary hourly rate provides adequate recompense for the taking of contingent fee risk without raising windfall concerns." *Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., *aff'd* Jan. 21, 2004). What this means, as a practical matter, is that requested fees falling within this multiplier are deemed reasonable, while requested fees exceeding it require analysis for windfall concerns and may or may not be judged reasonable depending on the circumstances of the individual case.

3

This court has never applied this windfall analysis to fees for paralegal work. The plaintiff does not cite any case law in which any other federal court has done so. The commissioner contends that the plaintiff's request is unreasonable, Defendant's Response to Plaintiff's Counsel's Motion for an Award of § 406(b) Fees ("Opposition") (Docket No. 21) at 4, and notes that "courts that have addressed [the] issue are in disagreement regarding whether or not time expended by a paralegal is separately considered or whether it is expected to be included in overhead." *Id.* at 5. He concedes, however, that paralegal work is compensable under section 406(b). *Id.* at 6.

The commissioner asks the court to subtract from the requested fee under section 406(b) some $1,909.00 that he asserts "was paid . . . under EAJA for work by [this] paralegal[,]" and then to reduce the remainder until it represents a reasonable hourly rate for the 4.7 hours of attorney time recorded on the itemized statement submitted by the plaintiff (Docket No. 20-3). *Id.* at 5. I agree, but prefer not to refer to the payment under EAJA as the basis for removing the paralegal time from the windfall analysis.

The case law cited by the plaintiff is of little assistance and, in at least one case, does not stand for the point for which it is cited by the plaintiff. For the proposition that "[t]here is no conceptual distinction, in attorney fee award statutes, between awarding fees for attorney work or for paralegal work[,]" Plaintiff's Reply Memorandum ("Reply") (Docket No. 23) at 3, the plaintiff cites *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008).[1] The opinion in that case, which interpreted the EAJA attorney fee provisions, did not address any "attorney fee award statutes" other than the EAJA, and did not suggest, as the plaintiff's gloss might, that the same hourly rate of reimbursement may be applied by a reviewing court to time worked by both

---

[1] The court's task is made more difficult by the plaintiff's failure to include pinpoint citations in all but one of the case law citations in her initial and reply memoranda of law.

attorneys and paralegals. It merely held that separate billing for paralegal time, rather than treating that work as included in the overhead that is part of an attorney's hourly fee, was permissible under the EAJA. 553 U.S. at 577-81. That has been the practice in this court for some years, in EAJA cases as well as in other fee-shifting cases. This court has also followed it in some Social Security fee cases, where the current issue was not raised. *See, e.g., Brennan v. Barnhart*, No. 05-123-P-S, 2007 WL 586794, at *6 (D. Me. Feb. 20, 2007) (reducing hourly rate for work that could have been performed by paralegal to level of paralegal rather than attorney); *Rioux v. Barnhart*, No. 00-302-P-H, 2002 WL 91877, at *3 (D. Me. Jan. 24, 2002) (discussing appropriate reimbursement for paralegal's time).

In the lower-court cases cited by the plaintiff, none of the parties argued that paralegal fees were subject to the same windfall analysis as attorney fees under section 406(b). Thus, in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), the court dealt with attorney-fee claims in three Social Security cases that included paralegal hours. After an extensive review of possibly applicable case law, *id*. at 1147-52, the court held that the lodestar approach to evaluating attorney fee claims used in personal injury cases was not appropriate in cases seeking fees under section 406(b). *Id*. at 1151. There was no separate consideration of the paralegal time.

In *Santino v. Astrue*, Cause No. 2:06-CV-75-PRC, 2009 WL 1076143 (N. D. Ind. Apr. 20, 2009), the plaintiff sought to recover for 17.85 hours of attorney work and 70 hours of "paralegal/law clerk" work. *Id*. at *2. The court allowed reimbursement by an "hourly rate based upon the legal team's work as a whole," *id.* at *4, but the commissioner had objected only to the number of hours billed by the paralegals and/or law clerks, not the rate at which that time was charged or charging the same rate for paralegal/law clerk time and attorney time.

5

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363, 1364 (N.D. Ga. 2005), the successful attorney sought reimbursement for 8.15 hours of his time and 24.6 hours of paralegal time. The court upheld an award of both at a single hourly rate, which the commissioner did not challenge. *Id*. at 1365-66. The commissioner contended that the total and the hourly rate both represented windfalls to the plaintiff, *id*., but did not argue that the paralegal time should be reimbursed at a rate different from that of the attorney's time.

Finally, in *Smith v. Astrue*, No. ED CV 06-883-PLA, 2009 WL 649192 (C.D. Cal. Mar. 9, 2009), a case cited by both parties, the successful attorney sought reimbursement for 23.5 hours of attorney time and 3.8 hours of paralegal and law clerk time. *Id*. at *1. The court did find that "effective hourly rates of $450.17 for attorney services and $216.06 for paralegal and law clerk services [were] reasonable[,]" *id*. at *3, but only in the circumstances of that case. *Id*. Because the commissioner in that case did object to enhancement of the hourly rate for paralegal time, the court noted that, even if it had allowed only the charged hourly rate for paralegal time, the resulting effective hourly rate for the attorney would increase only by $17.82 ($467.99 - $450.17) and that the higher effective hourly rate would also be reasonable. *Id*. at *3 & n.6.

The same cannot be said of this case. Here, the attorney hours are only 4.70 and the paralegal hours are 25.45. Exh. A to Plaintiff's Motion for Award of § 406(b) Fees (Docket No. 20-3) at [2]. At the billed rate of $75 per hour, the paralegal time equals $1,909, rounded to the nearest dollar. When that amount is subtracted from the $5,366.62 sought and the remainder divided by 4.7, the effective hourly rate for attorney time is $735.66. That is considerably more than three times the approved statutory rate, adjusted for inflation, of $175.75 per hour,[2] or $527.25 per hour. I agree with the commissioner that the plaintiff should recover $527.25 times

---

[2] The plaintiff says that this rate is currently "about $177.00 per hour." Plaintiff's Motion for Award of § 406(b) Fees (Docket No. 20) at 5. I assume that she has "rounded up" the actual figure, but no explanation of the derivation of this figure is given.

6

4.7 hours for the attorney's time, or $2,478.00 (rounded to the nearest dollar), along with the $1,909.00 for the paralegal time, for a total of $4,387.00.

It is counsel, after all, who bears the risk involved in accepting a Social Security case on a contingency basis. *Yarnevic*, 359 F.Supp.2d at 1366; *Crawford*, 586 F.3d at 1152. The paralegal is paid a salary and assumes no risk. His or her cost to counsel is fixed, along with other fixed costs of the practice. My approach assures that the attorney is fully compensated for the paralegal's time at his usual hourly rate for those services and rewarded, via an enhanced hourly fee, for the contingency that he has successfully assumed. In this determination, it is important not to forget that the funds awarded to the attorney under section 406(b) reduce his client's recovery of past-due benefits.

For the foregoing reasons, I recommend that the request of plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $5,366.62 be **GRANTED IN PART**, in the amount of $4,387.00.

Dated this 25th day of May, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge